NO. 07-10-00152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 8, 2011

KANAYO EUGENE UBESIE, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT OF NAVARRO COUNTY;

NO. 61,354; HONORABLE JOHN JACKSON, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Kanayo Eugene Ubesie, filed a notice of appeal from his conviction for driving while intoxicated, and sentence of 180 days incarceration in the Navarro County Jail and $1,000 fine. Sentence was suspended by the trial court and appellant was placed on community supervision for a period of two years. The appellate court clerk received and filed the trial court clerk's record on April 30, 2010. The official court reporter's record was filed on June 7. Consequently, appellant's brief was due on July 8. On July 7, this Court received appellant's request for extension of time to file his brief, which was granted to extend the deadline for appellant's brief to August 6. On

August 16, appellant filed a second request for extension of time to file his brief. Again, this request was granted and the deadline for appellant's brief was set on September 7. Just before the September 7 deadline, appellant's counsel sought permission to withdraw from representation of appellant. This Court granted counsel's motion. As a result, appellant filed a pro se motion for extension of time to file his brief on September 13, which this Court granted. On September 17, this Court entered an Order abating and remanding the cause because the trial court's certification of defendant's right of appeal was defective. The appeal was reinstated on October 28. On November 23, this Court granted appellant's fourth request for extension of time to file his brief, extending the deadline to December 23. On January 3, 2011, this Court sent appellant notice that his brief was past-due and directing him to file his brief by January 13 or the appeal would be abated and remanded to the trial court. On January 6, newly retained counsel for appellant filed a request for extension of time to file appellant's brief, which was granted to January 24. However, after appellant failed to meet this deadline, he was notified that failure to file his brief by February 10 may result in the appeal being abated and remanded. On February 3, appellant filed another request for extension of time to file his brief on the basis that he had discovered that certain necessary exhibits had been omitted from the reporter's record. This motion for extension of time was granted and the deadline for appellant's brief was extended to February 14. Appellant again failed to comply with the deadline set by this Court and, on March 11, appellant requested yet another extension of time to file his brief. By letter dated March 15, this Court denied this sixth request for extension of time to file appellant's brief and directed

2

appellant to file his brief on or before March 20. To date, appellant has still not filed his brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; (4) whether present counsel for appellant has abandoned the appeal; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly appointed or newly retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the

records of the proceedings to be sent to this Court.  In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than May 9, 2011.

Per Curiam

Do not publish.

4